# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5249 | **DATE** | 11/10/2004 |
| **CASE TITLE** | PLASTIC RECOVERY TECHNOLOGIES, INC. vs. CONTAINER COMPONENTS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant seeks to dismiss Counts II, III and IV, contending they are moot if Count I is dismissed. But that contention is first advanced in its reply brief and is not part of its motion. Accordingly, we do not consider it. Status hearing is set for December 9, 2004 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | NOV 12 2004 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 NOV 10 PM 6:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PLASTIC RECOVERY TECHNOLOGIES, )
INC., )
 )
       Plaintiff, )
 )
vs. ) No. 04 C 5249
 )
CONTAINER COMPONENTS, INC., )
 )
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action which, among other things, sought in Count I a declaration of non-infringement of a published patent application for lids for industrial waste containers or dumpsters. Defendant moved to dismiss Count I because no patent has yet issued. Plaintiff now seeks to amend Count I so as to expressly rely upon 35 U.S.C. §154(d) and, consequently, to oppose the motion to dismiss.

The Federal Circuit in <u>GAF Building Materials Corp. v. Elk Corp. of Dallas</u>, 90 F.3d 479 (1996), was emphatic that threats of a suit when and if a patent issued did not present an Article III case or controversy if the patent had not yet issued – although a patent was, in all likelihood, going to issue. Does the later-enacted 35 U.S.C. §154(d) change that determination? We think not.

35 U.S.C. §154(d) permits a patent holder, once a patent issues, to recover a reasonable royalty for the period between publication of the application and the issue date, if the alleged infringer had actual notice of the application and the invention as claimed is substantially identical to the invention claimed in the application. That provision somewhat rachets up the

risk to the threatened party, but only somewhat, as the remedy is confined to a reasonable royalty. As the section indicates, moreover, it is a "provisional" right. It does not mature until a patent issues and the claims in the patent are substantially identical to the claims in the application. The Federal Circuit recognized that the threatened party in GAF had a reasonable apprehension that it would be sued if a patent issued (and thus ran the risk of being enjoined from continuing to market an established product), but there was no certainty that a patent would issue and, if one issued, what rights it would confer. Nor was there a basis for specific relief, a declaration that a patent was invalid or not infringed because there was as yet no patent. Those uncertainties are present here as well, and 35 U.S.C. §154(d) does not impact them. Accordingly, we deny the motion to amend as the amendment does not rescue Count I, and we dismiss Count I.

Defendant seeks also to dismiss Counts II, III and IV, contending they are moot if Count I is dismissed. But that contention is first advanced in its reply brief and is not part of its motion. Accordingly, we do not consider it.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 10, 2004.